UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

LISA CARMONA

                Plaintiff,

      -against-                    COMPLAINT

ADMIN RECOVERY, LLC,

                Defendant.

## PLAINTIFF'S COMPLAINT

Plaintiff, LISA CARMONA ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, ADMIN RECOVERY, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq*.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k ("FDCPA").

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is a natural person residing at Plainville, Hartford County, Connecticut.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a national collection agency headquartered in Williamsville, Erie County, New York.

10. Defendant is a business entity engaged in the collection of debt within the State of Connecticut.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. In or around July, 2015, Defendant began placing collections calls to Plaintiff on Plaintiff's cellular telephone at 860-549-26xx in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff from 855-777-0152, 716-635-8460, and 866-703-7961, which are three of Defendant's telephone numbers.

21. On or around July 13, 2015, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

22. During the aforementioned conversation, Defendant's collector demanded immediate payment from Plaintiff.

23. Plaintiff told Defendant's collector that she was out of work, and was unable to make any payments.

24. Despite this, Defendant's collector continued to pressure Plaintiff to make a payment.

25. Despite having the funds to do so, Plaintiff agreed to make a payment on July 17, 2015.

26. The payment on July 17, 2015 did not go through, as Plaintiff did not have the funds to make the payment.

27. On or around July 12, 2015, Defendant began calling Plaintiff's daughter in an attempt to collect on the alleged debt.

28. Defendant called Plaintiff's daughter at 860-797-69xx.

29. Plaintiff's daughter is not a co-signor on Plaintiff's alleged debt, and does not owe Plaintiff's alleged debt.

30. Despite this, and after already being in contact with Plaintiff, Defendant placed collection calls to Plaintiff's daughter in an attempt to collect on the alleged debt.

31. On or around July 13, 2015, Defendant began calling Plaintiff's son's ex-girlfriend in an attempt to collect on the alleged debt.

32. Defendant called Plaintiff's son's ex-girlfriend at 860-770-13xx.

33. Plaintiff's son's ex-girlfriend is not a co-signor on Plaintiff's alleged debt, and does not owe Plaintiff's alleged debt.

34. Despite this, and after already being in contact with Plaintiff, Defendant placed collection calls to Plaintiff's son's ex-girlfriend in an attempt to collect on the alleged debt.

35. On or around July 21, 2015, Defendant began calling Plaintiff's landlord in an attempt to collect on the alleged debt.

36. Plaintiff's landlord is not a co-signor on Plaintiff's alleged debt, and does not owe Plaintiff's alleged debt.

37. Despite this, and after already being in contact with Plaintiff, Defendant placed collection calls to Plaintiff's landlord in an attempt to collect on the alleged debt.

38. Defendant calls Plaintiff at an annoying and harassing rate.

39. Defendant continued to call third parties who do not owe Plaintiff's debt, despite already being in contact with Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

40. Defendant violated the FDCPA based on the following:

a. Defendant violated §1692b(2) of the FDCPA by communicating with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that such consumer owes a debt, when Defendant called Plaintiff's daughter, Plaintiff's son's ex-girlfriend, and Plaintiff's landlord several times, and after already being in contact with Plaintiff;

b. Defendant violated §1692b(3) of the FDCPA by communicating with any person other than the consumer more than once, when Defendant called Plaintiff's daughter, Plaintiff's son's ex-girlfriend, and Plaintiff's landlord several times, and after already being in contact with Plaintiff;

c. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant called Plaintiff's daughter, Plaintiff's son's ex-girlfriend, and Plaintiff's landlord several times, and after already being in contact with Plaintiff, and called Plaintiff at an annoying and harassing rate; and

d. Defendant violated §1692d(5) of the FDCPA by causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff and Plaintiff's family, when Defendant called Plaintiff's daughter, Plaintiff's son's ex-girlfriend, and Plaintiff's landlord several times, and after already being in contact with Plaintiff, and called Plaintiff at an annoying and harassing rate.

WHEREFORE, Plaintiff, LISA CARMONA, respectfully requests judgment be entered against Defendant, ADMIN RECOVERY, LLC for the following:

41. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

42. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

43. Any other relief that this Honorable Court deems appropriate.

                                    RESPECTFULLY SUBMITTED,

DATED: January 13, 2016        By: /s/ Shireen Hormozdi
                                        Shireen Hormozdi
                                        Hormozdi Law Firm, LLC
                                        1770 Indian Trail Lilburn Road, Suite 175
                                        Norcross, GA 30093
                                        Tel: 678-395-7795
                                        Fax: 866-929-2434
                                        E-mail: shireen@agrusslawfirm.com
                                        Attorney for Plaintiff